DECISION
Plaintiffs appeals Defendant's disallowance of claimed Working Family Credit and Child and Dependent Care Credit for tax year 2008. Subsequent to Defendant's denial of the claimed credit, Defendant's representative, Kevin Cole (Cole), revised Defendant's adjustment. (Def's Ltrs, Dec 21, 2009, and Feb 22, 2010.) A telephone trial was held before Magistrate Jeffrey S. Mattson on July 16, 2010. Tessa Mabe (Mabe), Rita Johnson (Johnson), and Cindy Parr (Parr) testified on behalf of Plaintiffs. Cole appeared and testified on behalf of Defendant.
Defendant's Exhibits A through J were accepted. The parties submitted written closing statements and agree that the issues before the court are:
1. Did Plaintiffs make a child care payment in the amount of $275.75 in December 2008 or January 2009?
2. Can Defendant determine allowable child care expenses using the actual work hours reported to the Oregon Department of Employment?
3. Are Plaintiffs entitled to claim child care expenses when Matthew Parr was not working but was on medical or sick leave? *Page 2 
 I. STATEMENT OF FACTS
Plaintiffs' witnesses testified about the disputed December 2008 child care payment. Parr testified that she had borrowed the money to pay for the care of her children from her mother, Johnson. Johnson testified that from time to time she lent money to Parr and in December 2008, when Parr was "laid off" of work, she loaned the amount of the child care payment to Parr. Johnson testified that she gave Parr cash. Johnson testified that Parr repaid her on January 5, 2009, "when she got her check from Copeland's." (Def's Ex D at 11.) Cole questioned Johnson about her signed statement (Defendant's Exhibit D) page 11, asking her to provide other dates when she lent money to Parr, the amounts borrowed, and dates the money was repaid. Mabe testified that her daughter, Melissa Mabe, the care provider for Plaintiffs' children, received cash from Parr and that Parr told her daughter the money was a loan from Parr's mother. Mabe's daughter, the child care provider, did not testify. Mabe testified that Plaintiffs made two payments in December 2008, both in the same amount of $275.75 for child care. Melissa Mabe signed the "break down of day care payments" received from Plaintiffs which lists one $275.75 payment received on December 31. (Def's Ex F at 3.) Cole questioned Parr about a written comment on the "To Do List" stating "12-31 — 275.75 taken out of Mart's check," and the comment on Matthew Parr's Dec 16, 2008, paystub stating "paid $275.75 child care." (Def's Exs F at 12, 48.)
Plaintiffs allege that they qualify for the Working Family Credit and the Child Care Credit during portions of the year where both Plaintiffs were gainfully employed. (Ptfs' Ltr at 2, Aug 13, 2010.) Plaintiffs allege that a taxpayer must first qualify for a credit under IRC section 21 in order to qualify for the Oregon tax credit. (Id. at 6.) They state that gainful *Page 3 
employment is required under the statute, not full-time employment. (Id at 2.) Plaintiffs allege that the determination of gainful employment required under IRC section 21 does not require full-time work of 520 hours per quarter. (Id) Plaintiffs conclude that, while the determination of the period of employment is assessed on a daily basis, the actual hours worked per day need not be full-time. (Id)
Plaintiffs allege that Defendant's worksheets do not contain the same elements or calculations that are contained in IRC section 21. (Id) Plaintiffs conclude that, under the IRC, an individual working part time could receive 100 percent of child care cost. (Id) They conclude that the relevant comparison is between daily child care expenses and days worked. (Id) Plaintiffs state that the Oregon Department of Employment form that Defendant relies upon does not include days worked, but rather total hours worked for the quarter. (Id) Plaintiffs allege that Defendant is prorating the expenses based on hours worked during the quarter, rather than assessing gainful employment on a daily basis. (Id at 2 — 3.) Plaintiffs also allege that using the Oregon Department of Employment form would exclude many full-time workers because it does not include holiday, sick leave, vacation leave, or any other hours paid where no work was performed. (Id.)
Defendant alleges that Plaintiffs cannot claim child care expenses for the Child Care Credit or the Working Family Credit for any day or days that Plaintiffs did not work. (Def's Closing Arguments at 4, 7.) Cole alleges that Defendant may allocate child care expenses based upon the percentage of time per quarter Plaintiffs worked full-time, which he contends is a 40 hour work week, or 520 hours per quarter. (Id; Def's Ltr, Ex B at 4, Feb 22, 2010.) Cole stated *Page 4 
that 500 hours per quarter is acceptable in determining full-time status. (Def's Ltr, Ex B at 4, Feb 22, 2010.) Cole cited the "Oregon Department of Employment definition of `full-time work' in OAR471-030-0022, which states:
 "Full-time work," for the purposes of ORS 657.100, is 40 hours of work in a week except in those industries, trades, or professions in which most employers due to custom, practice, or agreement utilize a normal work week of less than 40 hours in a week."
(Def's Closing Arguments at 4 — 5 (footnote omitted).) Cole relied upon "work hours obtained from the [Oregon Department of Employment] to assist in the evaluation of an individuals work status of full-time." (Id. at 5.) He used the number of work hours from the Department of Employment compared to the "full-time" status of a 500 hour minimum to create a percentage of time Plaintiffs worked per quarter. (Def's Ltr, Ex B at 4, Feb 22, 2010.) Cole computed Plaintiffs' allowable child care expenses by allocating that computed percentage of expenses. (Id.)
In the fall of 2008, Matthew Parr took two weeks of medical or sick leave after requiring surgery for a failing pacemaker. Plaintiffs stated that, during those two weeks, Matthew Parr was not able to provide child care because the pacemaker patient instructions stated that he should not lift over 20 pounds until he visited his physician for a follow-up appointment. Defendant alleges that, under ORS 315.262(3)(b)(C), [1] child care expenses paid for days that Plaintiffs were on sick leave do not qualify because "costs associated with child care do not include expenses for care provided when one spouse on a joint return is not gainfully employed, not seeking employment, or not a full-time or part-time student." (Def's Ltr at 1, Feb 22, 2010.) Cole alleges that sick leave is not included in the determination of full-time status. (Id.) Cole *Page 5 
concluded that Plaintiffs should not be entitled to claim child care expenses during the two week period because Matthew Parr does not meet the definition of "disabled spouse" found in ORS 315.262(1)(c) and Parr "also took time off from work" at the same time her husband was recovering from surgery. (Def's Closing Arguments at 4; Def's Exs B at 1; D at 4.)
 II. ANALYSIS
Oregon allows a qualifying taxpayer to claim a refundable credit to partially offset the taxpayer's child care costs incurred when a taxpayer is working or attending school. ORS 315.262.[2]
That credit is commonly referred to as the Working Family Credit. The statute provides in relevant part: "A qualified taxpayer shall be allowed a credit against the taxes otherwise due under ORS Chapter 316 equal to the applicable percentage of the qualified taxpayer's child care expenses (rounded to the nearest $50)." ORS 315.262(3).
In addition to the Working Family Credit, ORS 316.078 provides for a nonrefundable credit for certain employment-related expenses, including child care, paid by a taxpayer for the care of a dependent child or children. That credit is commonly referred to by the short title "Child Care Credit." The Child Care Credit is specifically tied to IRC section 21, the pertinent language being that the amount of the credit is "equal to a percentage of employment-related expenses allowable pursuant to section 21 of the Internal Revenue Code * * *." ORS 316.078.
To receive either credit, a taxpayer must pay for child care, and the care must be necessary to enable the taxpayer to work or, in the case of the Working Family Credit, attend school. Plaintiffs claimed both a Child Care Credit and a Working Family Credit. (Ptfs' Compl at 1.) Defendant reduced Plaintiffs' reported child care expenses because Plaintiffs did not work / / / *Page 6 
at least 500 hours per quarter according to the Department of Employment. (Def's Closing Arguments at 4 — 7). The issue before the court is whether Defendant may reduce child care expenses by a percentage of time worked according to the Oregon Department of Employment, based upon a standard 500 hours per quarter.
A. Does Oregon follow the Internal Revenue Code?
In regards to the Working Family Credit, ORS 315.262 grants the Oregon Department of Revenue the authority to "[a]dopt rules for carrying out the provisions of this section[.]" ORS 315.262(5)(a). The Oregon Department of Revenue promulgated OAR 150-315.262(3), which limits allowable child care expenses to "[c]osts associated with child care." That rule provides that "[c]osts associated with child care do not include":
 "(C) Expenses for care provided when one spouse on a joint return is not gainfully employed, not seeking employment, not a full-time or part-time student, or not disabled as explained in Section (5) of this rule."
OAR 150-315.262(3)(b)(C). Allowable expenses do not include those spent when one spouse is not gainfully employed. Id.
OAR 150-315.262 does not provide a definition of gainful employment.
In regards to the Child Care Credit, OAR 150-316.078 explicitly defers to section 21 of the IRC. OAR 150-316.078(1) provides, in pertinent part:
 "When calculating the Oregon child care credit, taxpayers must use the same employment related expenses used for calculating the federal credit, subject to the same limitations and eligibility requirements outlined in the IRC Section 21."
In determining both the Working Family Credit and the Child Care Credit, Oregon substantially follows the IRC. In regards to the Child Care Credit, ORS 316.078 explicitly follows the IRC and its corresponding regulations. Additionally, it is the policy of the Legislature to "[m]ake the Oregon personal income tax law identical in effect to the provisions *Page 7 
of the Internal Revenue Code relating to the measurement of taxable income of individuals[.]" ORS 316.007(1). In regards to the Working Family Credit, ORS 315.262 and its corresponding administrative rule do not provide methods for the determination or allocation of child care expenses. See ORS 315.262; see also OAR 150-315.262. Other than limiting expenses to "costs associated with child care" when both parents are "gainfully employed," the Oregon statute and administrative rule do not provide guidance on the determination of gainful employment or on any method of allocation. Id. Both the Working Family Credit under ORS 315.262 and the Child Care Credit, which is directly tied to IRC section 21, require a taxpayer to be "gainfully employed." ORS 315.262(1)(a); IRC § 21 (b)(2).[3] The IRC meaning of "gainful employment" is highly persuasive in absence of an Oregon statute or administrative rule providing guidance because both credits require "gainful employment" which is not defined under Oregon law, and the related Child Care Credit references IRC section 21.
B. Allocation of Child Care Expenses
Defendant alleges that it may allocate child care expenses based upon a percentage of "full-time" hours worked per quarter. (Def's Closing Arguments at 4.) Neither the ORS nor OAR provide for such an allocation. As explained, the Working Family Credit and the Child Care Credit defer substantially to the IRC and regulations because OAR 150-315.262 does not describe any method of allocation to be applied under ORS 315.262, and ORS 316.078(1) explicitly defers to the IRC. OAR 150-316.078(1) allows "employment related expenses" to be *Page 8 
claimed for the Child Care Credit, and refers to the IRC limitations and eligibility requirements. Section 21 of the IRC provides, in pertinent part:
 "The term "employment-related expenses" means amount paid for the following expenses, but only if such expenses are incurred to enable the taxpayer to be gainfully employed for any period for which there are 1 or more qualifying individuals with respect to the taxpayer[.]"
IRC § 21 (b)(2). The corresponding treasury regulation provides, in pertinent part:
 "Gainful employment — (1) In general. Expenses are employment-related expenses only if they are for the purpose of enabling the taxpayer to be gainfully employed. * * * An expense is not employment-related merely because it is paid or incurred while the taxpayer is gainfully employed. The purpose of the expense must be to enable the taxpayer to be gainfully employed. Whether the purpose of an expense is to enable the taxpayer to be gainfully employed depends on the facts and circumstances of the particular case. Work as a volunteer or for a nominal consideration is not gainful employment.
 "(2) Determination of period of employment on a daily basis — (i) In general. Expenses paid for a period during only part of which the taxpayer is gainfully employed or in active search of gainful employment must be allocated on a daily basis."
Treas Reg § 1.21-1(c).
Defendant alleges that it may use Department of Employment quarterly hours to determine Plaintiffs' full-time status. (Def's Closing Arguments at 4 — 5.) However, a taxpayer need not be employed full-time to claim child care expenses for the day. Treas Reg § 1.21-1(c)(iii). Treasury Regulation section 1.21-1(c)(iii) provides:
 "(iii) Part-time employment. A taxpayer who is employed part-time generally must allocate expenses for dependent care between days worked and days not worked. However, if a taxpayer employed part-time is required to pay for dependent care on a periodic basis (such as weekly or monthly) that includes both days worked and days not worked, the taxpayer is not required to allocate the expenses. A day on which the taxpayer works at least 1 hour is a day of work."
Regardless of whether a taxpayer works part-time or full-time, all child care expenses may be claimed for days worked. Under the IRC and regulations, the only allocation that may be *Page 9 
made for child care expenses due to part-time status is between days worked and days not worked. Id. The Oregon Department of Employment form used by Defendant does not include days worked, but only total hours worked per quarter. (Def's Ltr, Ex A at 11 — 12, Feb 22, 2010.) The IRC and regulations do not provide for a reduction in child care expenses based on a quarterly percentage that does not take into account days worked versus days not worked. See IRC § 21; see also Treas Reg § 1.21-1. All employment-related expenses for child care are included in determining the Working Family Credit and the Child Care Credit regardless of the full-time status of the taxpayer.
Gainful employment, rather than full-time status, qualifies a taxpayer to claim the Working Family Credit and the Child Care Credit. Allocation must be made to include expenses for days worked and exclude days not worked, but allocation based on a broad quarterly percentage does not achieve that daily determination. While the Oregon Department of Employment form may be helpful in determining the days worked for a taxpayer employed full-time, it does not provide adequate information to allocate expenses on a daily basis for taxpayers who do not work full-time. Under Defendant's method of allocation, a taxpayer who pays for and claims child care three days a week will have child care expenses reduced to 60 percent of the total expense regardless that the taxpayer was gainfully employed each of those three days. The court concludes that daily allocation, rather than a quarterly percentage, must be used to accurately determine the taxpayer's gainful employment for purposes of the Working Family Credit and the Child Care Credit in compliance with IRC 21 and applicable regulations. *Page 10 
C. Short Temporary Absences
Defendant alleges that a taxpayer who is not working temporarily due to sickness may not claim child care expenses under OAR 150-315.262(3)(b)(C), which provides that "[c]osts associated with child care do not include: * * *expenses for care provided when one spouse * * * is not gainfully employed* * *." However, under the IRC and regulations, a taxpayer may be gainfully employed and not working for short temporary absences in some cases. Treasury Regulation section 1.21-1(c)(2) provides:
 "(ii) Exception for short, temporary absences. A taxpayer who is gainfully employed is not required to allocate expenses during a short, temporary absence from work, such as for vacation or minor illness, provided that the care-giving arrangement requires the taxpayer to pay for care during the absence. An absence of 2 consecutive calendar weeks is a short, temporary absence. Whether an absence longer than 2 consecutive calendar weeks is a short, temporary absence is determined based on all the facts and circumstances." (Emphasis added.)
If a taxpayer is gainfully employed, and is required under a child care arrangement to make payments during short temporary absences, then the child care expenses for those short temporary absences may be included in claiming the Working Family Credit and the Child Care Credit. The exception for short temporary absences does not apply to this case because Plaintiffs failed to prove that they were required to pay for child care expenses under a child care arrangement. Plaintiffs failed to prove that Matthew Parr met the statutory definition of a disabled spouse.
 III. CONCLUSION
After a careful review of the law and evidence, the court concludes that both the Working Family Credit under ORS 315.262 and the Child Care Credit, which is directly tied to IRC section 21, require a taxpayer to be "gainfully employed." ORS 315.262(1)(a); ORS 316.078(1) (deferring to IRC § 21); IRC § 21 (a)(2). The IRC meaning of "gainful *Page 11 
employment" is highly persuasive in absence of an Oregon statute or administrative rule providing guidance because both credits require "gainful employment" which is not defined under Oregon law, and the Child Care Credit references IRC section 21. Gainful employment, rather than full-time status, qualifies a taxpayer to claim the Working Family Credit and the Child Care Credit. Allocation must be made to include expenses for days worked and exclude days not worked, but allocation based on a broad quarterly percentage does not achieve that daily determination. Additionally, if a taxpayer is required to pay child care expenses during short temporary absences, those expenses may be included even though a taxpayer is not working during those absences. While the Oregon Department of Employment form may be helpful in determining the days worked for a taxpayer employed full-time, it does not provide adequate information to allocate expenses on a daily basis for taxpayers who do not work full-time. Now, therefore,
IT IS THE DECISION OF THIS COURT that gainful employment, rather than full-time status, qualifies Plaintiffs to claim the Working Family Credit and the Child Care Credit. Allocation must be made to include expenses for days worked and exclude days not worked except short, temporary absences;
IT IS FURTHER DECIDED that, even though child care expenses can be allowed for short, temporary absences as described in Treasury Regulation section 1.21-1(c)(2), Plaintiffs failed to prove that their child care arrangement required them to pay for care during Matthew Parr's two week medical or sick leave and Plaintiffs failed to prove that Matthew Parr met the statutory definition of a disabled spouse; and *Page 12 
IT IS FURTHER DECIDED that based on the evidence, Defendant's Exhibit F at 3, Plaintiffs made one $275.75 payment in December 2008 to their child care provider, Melissa Mabe, as reported on her list of day care payments received from Plaintiffs.
Dated this ___ day of March 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on March 4, 2011. The Court filed and entered this documenton March 4, 2011.
[1] Defendant incorrectly cited the rule, which is found at Oregon Administrative Rule (OAR) 150-315.262(3)(b)(C).
[2] All references to Oregon Revised States (ORS) and to the Oregon Administrative Rules (OAR) are to 2007.
[3] All references to Internal Revenue Code (IRC) and accompanying regulations are to the 1986 code, and include updates applicable to 2008. *Page 1